**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| DEONTRAY LAMAR LEE | ) ) ) | |
| Plaintiff *pro se*, | ) ) | Civil Action No. 24-cv-00929-LKG |
| v. | ) ) | Dated:  July 13, 2026 |
| COCA-COLA BOTTLING CO–SILVER SPRING, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Deontray Lamar Lee, brings discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), against the Defendant, Coca-Cola Consolidated, Inc. ("CCCI"), arising from the termination of his employment. ECF No. 20.  CCCI has moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).  ECF No. 21.  The motion is fully briefed.  ECF Nos. 21, 21-1, 23 and 24. No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS-IN-PART** and **DENIES-IN-PART** the Defendant's motion to dismiss (ECF No. 21) and (2) **DISMISSES** Count I of the amended complaint.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.    **Factual Background**

In this civil action, the Plaintiff brings ADA discrimination and retaliation claims against CCCI, arising from the termination of his employment.  *See generally* ECF No. 20. In the amended complaint, the Plaintiff alleges that CCCI discriminated and retaliated against him for engaging in ADA-protected conduct, after the Plaintiff complained that his workplace environment was negatively impacting his depression and he requested a light duty assignment due to an injury to his finger.  *See id.* at ¶¶ 12, 15–16 and 25–36.

Specifically, the Plaintiff asserts the following claims against CCCI in the amended complaint: (1) ADA-disability discrimination (Count I) and (2) ADA-retaliation (Count II). *Id*. at ¶¶ 25–35.  As relief, the Plaintiff seeks to recover, among other things, front pay, back pay, compensatory damages and punitive damages from CCCI.  *Id*. at Prayer for Relief.

The Parties

The Plaintiff is a resident of Maryland and he is a former employee of CCCI.  *Id.* at ¶¶ 4, 6–8 and 19.

The Defendant, CCCI, is a Delaware corporation, that has its principal place of business in Charlotte, NC and operates a production facility in Silver Spring, Maryland. *About Us*, Coca-Cola Consolidated, Inc, https://www.cokeconsolidated.com/about-us/ (last visited June 13, 2026); ECF No. 20 at ¶ 5.

The Plaintiff's Allegations

As background, the Plaintiff was employed by CCCI as a manufacturing operator, manufacturing operator II and a Filler 2, at a CCCI facility located in Maryland, from December 13, 2021, to January 16, 2023.  ECF No. 20 at ¶¶ 5–8 and 19.  The Plaintiff alleges that he was diagnosed with depression on June 25, 2022.  *Id.* at ¶ 9.

The Plaintiff alleges that he informed his supervisors at CCCI about his depression diagnosis.  *Id.* at ¶ 10.  The Plaintiff also alleges that he "complained to [his supervisors] that certain workplace conduct exacerbated his depression" between October 2022 and January 2023.  *Id.* at ¶ 12.

In addition, the Plaintiff alleges that he "lacerated his right middle finger while operating a [l]abeler [m]achine" at work on January 5, 2023.  *Id.* at ¶ 13.  In this regard, the

---

[1] The facts recited in this memorandum opinion are taken from the amended complaint, CCCI's motion to dismiss and memorandum in support thereof, the Plaintiff's response in opposition thereto, and CCCI's reply brief.  ECF Nos. 20, 21, 21-1, 23 and 24.

Plaintiff alleges that he "provided medical documentation restricting him to light duty beginning January 6, 2023[,]" and that CCCI "failed to engage in the interactive process required under the ADA to determine an appropriate reasonable accommodation." *Id.* at ¶¶ 15 and 17.

Lastly, the Plaintiff alleges that he was cleared to continue his regular duty on January 10, 2023. *Id.* at ¶ 18. But the Plaintiff alleges that CCCI terminated his employment on January 16, 2023, based on his refusal to submit to a drug test that the Plaintiff maintains he was never directed to take. *Id.* at ¶¶ 19–20.

In addition, the Plaintiff alleges that he engaged in ADA-protected activity by, disclosing his disability, requesting a reasonable accommodation, reporting the workplace injury to his finger and "[c]omplaining about workplace conduct affecting his disability." *Id.* at ¶ 32. The Plaintiff also alleges that he "was qualified to perform the essential functions of his position with or without a reasonable accommodation," CCCI terminated his employment because of his disability, and the termination of his employment "constitute[s] unlawful retaliation in violation of the ADA[,]" because the "termination occurred less than two weeks after he engaged in protected activity." *Id*. at ¶¶ 27, 28, 33 and 35. And so, the Plaintiff alleges that he has suffered lost wages, emotional distress and other damages, due to CCCI's alleged conduct. *Id*. at ¶¶ 30 and 36.

Following the termination of his employment, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") related to his discharge. *Id*. at ¶ 23. Thereafter, the Plaintiff received a right to sue letter from the EEOC. *Id.* at ¶ 24.

The Plaintiff contends in this case that CCCI discriminated against him, in violation of the ADA, by engaging in disparate treatment and failing to accommodate his disability. *Id*. at ¶¶25–30. The Plaintiff also contends that CCCI unlawfully retaliated against him, in violation of the ADA, after he engaged in ADA-protected activity. *Id.* at ¶¶ 31–36. And so, the Plaintiff seeks to recover, among other things, front pay, back pay, compensatory damages and punitive damages from CCCI. *Id*. at Prayer for Relief.

**B.    Relevant Procedural Background**

The Plaintiff commenced this civil action on March 29, 2024. ECF No. 1. On February 17, 2026, the Plaintiff amended the complaint. ECF No. 20.

On March 2, 2026, CCCI filed a renewed motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 21 and 21-1. On March 4, 2026,

the Plaintiff filed a response in opposition to CCCI's motion.  ECF No. 23.  On March 18, 2026, CCCI filed a reply brief.  ECF No. 24.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. RDB-13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations marks omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.  *See Weller*, 901 F.2d at 391.

### B.   Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Id.* at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### C. The ADA

The Americans with Disabilities Act prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . ." 42 U.S.C. § 12112(a); *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is a qualified individual for the employment in question; and (3) his employer discharged him or took other adverse employment action because of his disability. *Burnett v. BJ's Wholesale Club*, 722 F. Supp. 3d 566, 575 (D. Md. 2024). In this regard, the United States Court of Appeals for the Fourth Circuit has held that "[a] plaintiff is disabled [within the meaning of the ADA] if he can show (1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018) (internal quotation omitted). The Fourth Circuit has also held that a "qualified individual" under the ADA is one who, with or without reasonable accommodation, can perform the essential functions of the employment position he holds or desires. *Elledge*, 979 F.3d at 1009 (quoting 42 U.S.C. § 12111).

To establish a *prima facie* case for a failure-to-accommodate claim under the ADA, a plaintiff must show that: (1) "he was an individual who had a disability within the meaning of the statute;" (2) "the employer had notice of his disability;" (3) "with reasonable accommodation he could perform the essential functions of the position;" and (4) "that the employer refused to make such accommodations." *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 626, 579 (4th Cir. 2015); *Burnett*, 722 F. Supp. 3d at 577. This Court has held that a plaintiff bears the burden of "establishing his ability to perform the essential functions of his job with a reasonable accommodation." *Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 697 (D. Md. 2005) (citing *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994)).

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action. *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011). In this regard, this Court has held that a plaintiff may prove that he engaged in protected conduct by showing that he

5

"engag[ed] in oppositional conduct such as . . . voicing [his] opinion in order to bring attention to an employer's discriminatory practices." *Jackson v. S. Glazers of MD LLC*, No. 24-1393, WL 4335684, at *4 (D. Md. Sep. 26, 2024) (quotation omitted). While the plaintiff is not required to prove the discriminatory practices alleged actually constitute an ADA violation, the plaintiff must show he had a "good faith belief" that the alleged discriminatory conduct violated the ADA. *Freilich v. Upper Chesapeake Health*, 313 F.3d 205, 216 (4th Cir. 2002). In addition, the Fourth Circuit has held that a very close temporal proximity between the protected conduct in question and the subsequent adverse action can show a causal connection between the two. *Hall Haggins v. Wilson Air Center, LLC*, 163 F.4th 872, 881 (4th Cir. 2026).

### D.    Fed. R. Civ. P. 15

Lastly, Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (f4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

## IV.   ANALYSIS

CCCI has moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), upon the grounds that: (1) the amended complaint lacks sufficient factual allegations to state a plausible ADA discrimination claim, because the Plaintiff does not allege facts to show that he is a qualified individual under the ADA, or that he requested a reasonable accommodation and (2) the amended complaint lacks sufficient factual allegations to state a retaliation claim under the ADA, because there are no facts to show that the Plaintiff requested a reasonable accommodation, or to show that the Plaintiff opposed any conduct that he believed violated the ADA. ECF No. 21-1 at 5–9. And so, CCCI requests that the Court dismiss the amended complaint. *Id.* at 9.

6

The Plaintiff counters that the Court should not dismiss this matter, because he states a plausible claim for ADA discrimination and ADA retaliation. ECF No. 23. Specifically, the Plaintiff alleges that he pleads sufficient facts to support his ADA discrimination claim, because he alleges fact to show that: (1) he had a qualified disability and (2) he was able to perform the essential functions of his position with reasonable accommodations. *Id.* at 1–3. The Plaintiff alleges that he pleads sufficient facts to allege an ADA retaliation claim, because he alleges that he engaged in protected conduct that was causally connected to his discharge. *Id.* at 3–5. And so, the Plaintiff requests that the Court deny CCCI's motion to dismiss. *Id.* at 6.

For the reasons that follow, a careful reading of the amended complaint makes clear that the Plaintiff fails to allege a plausible ADA discrimination claim, because the amended complaint lacks factual allegations to show that the Plaintiff is a qualified individual under the ADA, or that the Plaintiff requested a reasonable accommodation. But a careful reading of the amended complaint shows that the Plaintiff states a plausible ADA retaliation claim against CCCI, because the Plaintiff plausibly alleges that he engaged in ADA-protected conduct before the termination of his employment and that there is a causal connection between the two. And so, the Court: (1) GRANTS-IN-PART and DENIES-IN-PART the CCCI's motion to dismiss (ECF No. 20) and (2) DISMISSES Count I of the amended complaint.

### A.    The Plaintiff Fails To State An ADA Discrimination Claim

As an initial matter, CCCI persuasively argues that the Plaintiff fails to allege facts to show that he is a qualified individual under the ADA to support his ADA discrimination claim. To state a *prima facie* case of discrimination under the ADA, the Plaintiff must show that: (1) he has a disability; (2) he is a qualified individual for the employment in question; and (3) his employer discharged him or took other adverse employment action because of his disability. *Burnett v. BJ's Wholesale Club*, 722 F. Supp. 3d 566, 575 (D. Md. 2024). In this regard, the Fourth Circuit has held that a "qualified individual" under the ADA is one who, with or without reasonable accommodation, can perform the essential functions of the employment position he holds or desires. *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020) (quoting 42 U.S.C. § 12111).

In this case, the Plaintiff has not alleged facts in the amended complaint to show that he can satisfy these standards. While the Plaintiff's alleged depression and finger injury could qualify as disabilities under the ADA, the Plaintiff fails to allege facts to show that he is a qualified individual under the ADA. *See* ECF No. 20 at ¶ 9 and 13. Notably, the amended

7

complaint is devoid of factual allegations to show that the Plaintiff could perform the essential functions of his positions with CCCI, with or without a reasonable accommodation, given the alleged disabilities. *See generally* ECF No. 20. Rather, the Plaintiff alleges in a conclusory manner that he is a qualified individual under the ADA (*id.* at ¶ 27) and that he was promoted from a previous position and "performed his job satisfactorily" (*id.* at ¶ 8).

While the Plaintiff need not prove that he could perform the essential functions of his position at this early stage of this litigation, he must do more than make such conclusory allegations that he could do so. *Harkum v. Jacobs Technology, Inc.*, No. 22-479, WL 2163178, at *10 (D. Md. Feb. 22, 2023). Given this, the factual allegations in the amended complaint are simply not sufficient to show that the Plaintiff could perform the essential functions of his relevant positions, with or without a reasonable accommodation, to state a claim under the ADA. *See generally* ECF No. 20. And so, the Court must dismiss the Plaintiff's ADA discrimination claim based on disparate treatment, in Count I of the amended complaint. Fed. R. Civ. P. 12(b)(6).[2]

### B.    The Plaintiff Fails To State A Reasonable Accommodation Claim

Turning to the Plaintiff's ADA failure-to-accommodate discrimination claim in Count I of the amended complaint, the Court is also not satisfied that this claim is plausible. Notably, the amended complaint fails to plead sufficient facts to show the Plaintiff can perform the essential function of his position with or without reasonable accommodations and that he was refused accommodations beyond the general allegation in the amended complaint that CCCI failed to engage in the reasonable accommodation process. ECF No. 20 at ¶ 17. The amended complaint also lacks facts to show that the Plaintiff requested a reasonable accommodation, what the reasonable accommodation was or how CCCI denied the reasonable accommodation. *See generally id.*

To state a failure-to-accommodate discrimination claim under the ADA, the Plaintiff must allege facts to show that: (1) "he was an individual who had a disability within the meaning of the statute;" (2) "the employer had notice of his disability;" (3) "with reasonable accommodation he could perform the essential functions of the position;" and (4) "that the employer refused to make such accommodations." *Jacobs*, 780 F.3d at 579; *Burnett*, 722 F. Supp. 3d at 577. The Plaintiff also bears the burden of "establishing his ability to perform the essential functions of his job with a reasonable accommodation" to support this claim.

---

[2] Because the Court concludes that the Plaintiff fails to allege facts to show that he is a qualified individual under the ADA, the Court does not address CCCI's remaining arguments in support of dismissing the Plaintiff's ADA discrimination claim.

*Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 697 (D. Md. 2005) (citing *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994)).  As discussed above, a careful reading of the amended complaint shows that the Plaintiff has not alleged facts to show that he was able to perform the essential functions of his positions with CCCI with or without a reasonable accommodation.  *See generally* ECF No. 20.  Given these deficiencies, the Plaintiff also fails to state a reasonable accommodation claim under the ADA.[3]  And so, the Court also DISMISSES this claim.  Fed. R. Civ. P. 12(b)(6).[4]

> **C.    The Plaintiff States An ADA Retaliation Claim**

The Plaintiff is, however, on firmer footing with regards to his ADA retaliation claim, because he has sufficiently alleged facts to show that he engaged in conduct that is protected by the ADA and that this conduct is causally connected to the termination of his employment.  To state a retaliation claim under the ADA, the Plaintiff must allege facts show that: (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action.  *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011).  In this regard, this Court has held that a plaintiff may prove that he engaged in ADA-protected conduct by showing that he "engag[ed] in oppositional conduct such as . . . voicing [his] opinion in order to bring attention to an employer's discriminatory practices." *Jackson v. S. Glazers of MD LLC*, No. 24-1393, WL 4335684, at *4 (D. Md. Sep. 26, 2024) (quotation omitted).  While the Plaintiff need not prove that the discriminatory practices alleged actually constitute an ADA violation, he must show that he had a "good faith belief" that the alleged discriminatory conduct violated the ADA.  *Freilich v. Upper Chesapeake Health*, 313 F.3d 205, 216 (4th Cir. 2002).

---

[3] The amended complaint also lacks factual allegations to show that CCCI refused to make accommodation.  There are no facts to show what, if any, accommodations the Plaintiff requested for his depression. *See, e.g.*, ECF No. 20 at ¶¶ 10 and 12 (alleging only that the "Plaintiff disclosed his depression to [his] supervisors . . . [and that he] complained to management that certain workplace conduct exacerbated his depression").  The amended complaint is also devoid of any factual allegations to show how CCCI failed to accommodate the Plaintiff.  *Id.* at ¶ 17 (generally alleging that the "Defendant failed to engage in the interactive process required . . . to determine an appropriate reasonable accommodation").

[4] The Plaintiff has not shown that further amendment of the amendment complaint is warranted in this case.  While the Plaintiff request in his response in opposition to CCCI's motion to dismiss that he be granted leave to further amend the amended complaint, but he has not filed a separate motion making this request. *See* Dkt.  Nor does the Plaintiff explain how further amendment to the amended complaint would cure the deficiencies identified by the Court with regards to his ADA discrimination claims. *See* ECF No. 23 at 4.  And so, further amendment of the complaint would be futile. *See Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012); *Elias v. Am. Fin. Res.*, No. 24-489, 2026 WL 479069, at *10 (D. Md. Feb. 20, 2026).

In addition, the Fourth Circuit has held that a very close temporal proximity between the protected conduct in question and the subsequent adverse action can show a causal connection between the two. *Hall Haggins v. Wilson Air Center, LLC*, 163 F.4th 872, 881 (4th Cir. 2026).

In this case, a careful reading of the amended complaint shows that the Plaintiff sufficiently alleges facts to support his ADA retaliation claim for several reasons. First, the Plaintiff sufficiently alleges facts to show that he engaged in ADA-protected conduct, because the Plaintiff alleges that he sought being placed and light duty and complained to his supervisors that the workplace environment exacerbated his depression before the termination of his employment. ECF No. 1 at ¶¶ 12 and 15; *see also Jackson*, WL 4335684, at *4. Second, the Plaintiff also alleges facts that, taken as true, shows that he had a good faith belief that CCCI's violated the ADA, because the Plaintiff alleges that: (1) his depression limited his major life activities; (2) he disclosed his depression to his supervisors; and (3) he complained to his managers for more than a year about the continuing ways the workplace exacerbated his depression. ECF No. 20 at ¶¶ 10–12.

Third, the Plaintiff sufficiently alleges that he suffered adverse action, because he also alleges that CCCI terminated his employment. *Id.* at ¶ 19. Fourth, the Court is also satisfied that the Plaintiff sufficiently alleges facts to show a causal connection between his ADA-protected activity and the termination of his employment, because the Plaintiff alleges that he complained about the workplace exacerbating his depression up to and until early January 2023, and that CCCI terminated his employment on January 16, 2023. *Id.* at ¶¶ 12 and 19.

Lastly, the Plaintiff also sufficiently alleges facts to support his ADA retaliation claim based upon his laceration. First, the Plaintiff sufficiently alleges that he engaged in ADA-protected conduct, because he sought being placed on light duty. *Id.* at 15; *see also Rhoads v. F.D.I.C.*, 257 F.3d 373, 393 (4th Cir. 2001). Second, the Plaintiff alleges that he suffered adverse action, because he was terminated. ECF No. 20 at ¶ 19. Third, the Plaintiff sufficiently alleges facts to show a causal connection between his ADA-protected activity and his termination, because he sought accommodations beginning January 6, 2023, for his laceration following his injury on January 5, 2023, and he was terminated on January 16, 2023. *Id.* at ¶ 13–15 and 19. And so, the Plaintiff alleges a close temporal proximity between his ADA-protected activity and the termination of his employment.

Given these factual allegations, the Court is satisfied that the Plaintiff plausibly alleges an ADA retaliation claim. And so, the Court DENIES CCCI's motion to dismiss this claim. Fed. R. Civ. P. 12(b)(6).

## V.   CONCLUSION

For the foregoing reasons, the Court:

    (1)    **GRANTS-IN-PART** and **DENIES-IN-PART** the Defendant's motion to dismiss (ECF No. 21); and

    (2)    **DIMISSES** Count I of the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

 

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

11